## Mae Head v. Frederick Becklenberg.

### Gen. No. 11,343.

1. SALE OF UNCLAIMED PROPERTY—*construction of statute pertaining to.* Sections one and three of this Act (being chapter 141 of the Revised Statutes) do not apply to warehousemen.

2. MEASURE OF DAMAGES—*in action of trover.* In an action of trover for the recovery of the value of clothing and household goods, recovery is not confined to what such property would sell for as second-hand goods, but the plaintiff is entitled to recover the actual value of such articles to him.

Action of trover. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed October 25, 1904.

**Statement by the Court.** This is an appeal by the plaintiff from a judgment for the defendant in an action in trover for the alleged wrongful conversion of certain household goods of the plaintiff. The goods in question were stored by plaintiff in the warehouse of defendant November 20, 1897, and sold by the defendant April 10, 1899.

The rate of storage agreed upon was $2 per month.   September 20, 1898, defendant sent plaintiff a bill for ten months' storage from November 20, 1897, to September 20, 1898, $20, and included therein a charge of $3 for cartage of the goods to the warehouse.   Plaintiff paid defendant on account, October 13, 1898, $10, which was the only payment made by her, but before she brought suit she tendered the full amount of all charges and made a demand for her goods.

WILLIAM F. BAKER and JAMES M. GWIN, for appellant; GEORGE L. PADDOCK, of counsel.

D. D. TREXLER, for appellee; BEAUREGARD F. MOSELY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The giving for the defendant of the following instruction is assigned for error:

"The court instructs the jury that private warehousemen, in this state, may enforce their lien for storage by a sale of property stored with them, on giving to the owner thereof, if he and his residence be known to the person having such lien, ten days' notice, in writing, of the time and place of such sale, and if said owner or his place of residence be unknown to the person having such lien, then, upon his filing his affidavit to that effect, with the clerk of the County Court in the county where said property is situated; notice of said sale may be given by publishing the same once in each week for three successive weeks in some newspaper of general circulation published in said county, and out of the proceeds of said sale all cost and charges for advertising and making the same, and the amount of said lien shall be paid, and the surplus, if any, shall be paid to the owner of said property, and if the jury finds from the evidence that the plaintiff stored with the defendant, as a private warehouseman, certain goods and chattels, and agreed to pay certain sums of money per month as storage, and that in default of making such payments for six months that said goods and chattels should be sold for said storage, and that said goods after default in the payment of the storage for six months was advertised ten days by publica-

tion once a week in some newspaper, and that notice of said sale was mailed to the last known address of the plaintiff, and that after such notice and publication the goods thus stored were sold to the highest and best bidder for cash, and that the amount realized has been first applied to the payment of the storage due up to the time of the sale, and the residue, if any, paid or tendered to the plaintiff, then and in that case the jury are instructed that the plaintiff cannot recover, and they should find the defendant not guilty."

Counsel for appellee seek to justify the sale in question under the provisions of sections 1 and 3 of chapter 141, R. S., which are as follows:

"1. Sale of Unclaimed Property. 1. That whenever any trunk, carpet-bag, valise, bundle, package, or article of property, transported, or coming into the possession of any railroad or express company, or åny other common carrier, or innkeeper or warehouseman, or private warehouse-keeper, in the course of its or his business as common carrier, innkeeper, warehouseman or private warehouse-keeper, shall remain unclaimed, and the legal charges thereon unpaid during the space of six months after its arrival at the point to which it shall have been directed, and the owner or person to whom the same is consigned cannot be found upon diligent inquiry, or, being found and notified of the arrival of such article, shall refuse or neglect to receive the same and pay the legal charges thereon for the space of three months, it shall be lawful for such common carrier, innkeeper, warehouseman or private warehouse-keeper to sell such article at public auction, after giving the owner or consignee fifteen days' notice of the time and place of sale, through the post office, and by advertising in a newspaper published in the county where such sale is made, and out of the proceeds of such sale to pay all legal charges on such articles, and the overplus, if any, shall be paid to the owner or the consignee upon demand.

"3. Sale of Property—Notice. 3. All persons other than common carriers having a lien on personal property by virtue of an act entitled 'An Act to revise the law of liens,' approved March 25, 1874, may enforce said lien by a sale of said property, on giving to the owner thereof, if he and his residence be known to the person having such lien, ten (10) days' notice, in writing, of the time and place of

Head v. Becklenberg.

such sale, and if said owner or his place of residence be un-known to the person having such lien, then, upon his filing his affidavit to that effect, with the clerk of the County Court in the county where said property is situated; notice of said sale may be given by publishing the same once in each week for three (3) successive weeks in some newspaper of general circulation published in said county, and out of the proceeds of said sale all costs and charges for advertising and making the same, and the amount of said lien shall be paid, and the surplus, if any, shall be paid to the owner of said property."

The instruction under consideration was evidently based on the provisions of section 3. But that section is, by its terms, limited to "All persons other than common carriers having a lien on personal property by virtue of an Act entitled, 'An Act to revise the law of liens,' approved March 25, 1874." The Lien Act referred to gives no lien to a warehouseman, but only to hotel, inn and boarding-house keepers, stable keepers and agisters. Section 3 cannot be held to give a warehouseman a right to enforce his lien on goods by a sale thereof nor to sustain the instruction in question.

The giving of the instruction cannot be sustained under the provisions of section 1 that "Whenever any trunk, etc., * * * shall remain unclaimed and the legal charge thereon unpaid during the space of six months after its arrival at the point to which it shall have been directed, and the owner or person to whom the same is consigned cannot be found on diligent inquiry, or, being found and notified of the arrival of such article shall neglect to receive the same and pay the legal charges thereon," etc., for these provisions cannot be held to include or apply to the present case, where the goods were stored pursuant to an express contract made between the owner of the goods and the warehouseman, by which the price of storage per month and the time of payment thereof were fixed. The articles of property in question were not consigned to the plaintiff, nor were they directed to her at any place, and therefore could not be articles of property "unclaimed for six months after their arrival at the point to which they had been

directed." The facts of the case do not bring it within the provisions of said chapter 141, and the giving of the instructions in question must be held reversible error.

Appellant also complains of the refusal of the court to instruct the jury that if plaintiff was entitled to recover she was entitled to recover " the amount shown by the evidence to be the market value of the goods to the plaintiff, and that the plaintiff is not restricted to recover only the value of the goods as second-hand goods."

Plaintiff was entitled to recover, if entitled to recover at all, the value of her goods at the time when delivery thereof should have been made, with interest. In an action for the unlawful conversion of chattels, if the articles can justly be said to have had a market price, if the price at which they could have been sold and the price at which other articles equally useful to the owner of the chattels could have been bought at the time and place of such conversion can be shown, then such market value must control. But clothing and household goods which have been worn and used cannot in all cases be said to have a market price and will not sell as second-hand goods for what they are really worth to the owner, and in such case in order to give the owner compensation for damage sustained he must be permitted to recover the actual value of such articles. Fairfax v. N. Y. C. & H. R. R. Co., 73 N. Y. 167; Spooner v. H. & St. J. R. R., 23 Mo. App. 403; 3 Sutherland on Damages, 294.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*