## Van Buren Storage & Van Company v. Sarah H. Mann.

### Gen. No. 13,715.

1. BAILMENTS—*what equivalent to receipt under Warehouse Act.* A receipt for merchandise delivered to a warehouseman, even though sought to be made a contract by being signed by both parties, is none the less a receipt within the meaning of the Warehouse Act.

2. BAILMENTS—*effect of section 10 of Warehouse Act.* The limitations in a warehouse receipt, as, for instance, exemptions from liability if articles delivered are not listed and reduction of liability if value thereof is not stated, are void by virtue of section 10 of the Warehouse Act.

3. BAILMENTS—*when sale by warehouseman illegal.* A sale by a warehouseman of stored merchandise for nonpayment of storage charges is void unless made pursuant to the statute with respect to unclaimed property.

Action for damages to personal property. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 19, 1908.

THOMAS A. LEACH, for plaintiff in error.

E. M. SEYMOUR, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The claim of defendant in error, plaintiff below, as set forth in her bill of particulars, is for damages, for failure of plaintiff in error, defendant below, to deliver to her certain

personal property which she had delivered to plaintiff in error for storage. A receipt of date May 25, 1904, was given by the defendant, the Van Buren Storage & Van Co., to the plaintiff, for certain household furniture, which receipt contains a list of the property. The receipt is headed "Warehouse Receipt and Contract," is signed by both parties and contains certain provisions which, so far as may be necessary, will hereafter be referred to. The case was tried by the court, without a jury, and the court found the issues for the plaintiff, assessed the damages at the sum of $338.45, and rendered judgment on the finding.

The evidence is contained in a "Statement of Facts" signed by the presiding judge of the trial court. It appears from this statement that there were certain articles delivered to defendant for storage, which, by reason of oversight or inadvertence, were omitted from the list of articles in the warehouse receipt.

The court certifies that, on the trial, the defendant's counsel made the following objections:

"The defendant, by its counsel, objected to the introduction of all of this oral testimony relating to articles not enumerated in the contract on the ground that the ' warehouse receipt and contract being under seal cannot be altered, added to or varied by oral testimony.' The warehouse receipt and contract especially provides 'that the bailor hold the bailee harmless and not liable for the loss or damage to said goods, by the acts of burglars, the elements, fire, heat, wind, water, or the acts of God, riots or the enemies of the government, or rattage, moths, loss or damage by breakage to or from the warehouse, nor for the contents of bundles, packages, boxes, barrels, baskets, trunks, valises, or any other articles the contents of which are unknown to bailee, unless said contents are itemized and listed hereon.' And the defendant, by its counsel, objected for the further reason that the 'warehouse receipt and contract' provides, 'That the bailor release these goods to the value of $5 per hundredweight, unless the actual value is herein stated,' and the defendant, by its counsel, objected for the further reason that a 'ware-

houseman's receipt is the contract of the parties as to the very property stored,' and the defendant, by its counsel, objected for the further reason that a warehouse receipt is the contract of the parties, and parol evidence to change its terms is inadmissible, and the court overruled all of said objections, to which ruling of the court and the introduction of such oral testimony the defendant, by its attorney, duly excepted."

Counsel for the company makes substantially the same objections here. The warehouse act contemplates that warehousemen shall give receipts for property stored with them, and the document in question cannot be treated otherwise than as a receipt.

Section 10 of the act provides as follows: "No warehouseman in this State shall insert in any receipt issued by him any language in anywise limiting or modifying his liabilities or responsibility, as imposed by the laws of this State." Hurd's Rev. Stat. 1905, p. 1503. There can be no question that, by the law of this State, a warehouseman or warehouse company is bound to use ordinary care to safely keep property stored with him or it, and to return it to the party producing a receipt therefor, and offering to pay all legal charges. We regard the insertion in the receipt in question of the provisions relied on by counsel for the company as limitations of the company's liability under the law of this State, and cannot sustain the objections made to the evidence. We concur in the rulings of the trial court.

The plaintiff called at the defendant's warehouse November 15, 1904. She had not, up to that time, paid any money for storage, and in a conversation with defendant's manager she told him that she could not then take the goods out of storage, and he said, "Any time you get ready you may take them out, and it will be all right." The goods were ample security for storage charges.

The defendant caused to be published in a newspaper, in Chicago, December 12, 1904, a notice that the goods would be sold at public auction at nine o'clock A. M., December 28, 1904, at 308 West Van Buren street, Chicago, Illinois, to

pay storage charges.    No bidders appeared, and December 31, 1904, it sold privately to dealers in second hand furniture a number of the articles stored with it by the plaintiff. This the defendant had no right to do.    It did not proceed under or in accordance with the statute in respect to unclaimed property, and it is not claimed that it did.

In Head v. Becklenberg, 116 Ill. App., 576, it was held that that statute had no application to a case like the present.

The company's remedy was to retain the property till payment of its proper charges.    Low v. Martin, 18 Ill., 286. It could not, itself, enforce its lien, either by public or private sale, but only by judicial authority.    The assessment of the plaintiff's damages is sustained by the evidence.    The judgment will be affirmed.

*Affirmed.*