### Diamond Joe Line v. James R. Carter et al.

1. PRACTICE—*A General Finding—When Sufficient.*—A general finding is sufficient if either count of the declaration is good.

2. WAREHOUSEMAN—*Liability for a Wrongful Delivery.*—A warehouseman is liable for a wrongful delivery of the goods committed to his keeping.

**Trover.**—Misdelivery of goods by a warehouseman. Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Finding and judgment for plaintiff, $250. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 26, 1898.

#### STATEMENT OF FACTS.

This was an action commenced to recover damages for the loss occasioned by the misdelivery of a portion of a shipment of ink from Chicago to St. Paul, Minnesota, over the Illinois Central Railroad by way of appellant's steamboat line operated on the Mississippi river.

The entire shipment contained 1,000 boxes of ink. Upon the bill of lading the following indorsement was written:

"Deliver to C. S. Eaton or to Fred. H. Jackson, as per our telegraphic or written instructions.

July 6, 1891.                CARTER, DINSMORE & Co."

The bill of lading was sent by the consignor to R. J. Williams, agent of the Illinois Central Railroad at St. Paul, Minnesota, with the following instructions:

"DEAR SIR : Please find enclosed B-L for 1,000 bxs. ink, to be delivered from time to time to C. S. Eaton and F. H. Jackson in accordance with our telegraphic or written instructions."

After the ink had arrived at St. Paul and after the same had been placed in the appellant's warehouse, appellees directed said Williams by telegraph to release a part of said shipment of ink to Eaton & Jackson.   Thereupon Williams transmitted a copy of such order or orders from appellees to C. R. Brockway, the agent of appellant at St. Paul, Minnesota, and in this way 600 of the 1,000 boxes of ink were delivered to Eaton & Jackson.   On the 14th day of July, 1891, appellees directed Williams by telegram to release the balance of said ink, as follows :

"R. J. WILLIAMS, Freight Agent Illinois Central R. R.,
     St. Paul, Minn.:

Release hundred boxes to Chas. S. Eaton and hundred to Fred. H. Jackson; forward two hundred consigned to us to place designated by them.

CARTER, DINSMORE & Co."

On the same day Williams transmitted a copy of the above telegraphic order to C. R. Brockway, requesting him to comply with the order.   Thereupon Brockway delivered the remaining 400 boxes of ink to Eaton & Jackson.

On July 31, 1891, appellees wrote to R. J. Williams, agent, etc., as follows :

"DEAR SIR : On July 14 we telegraphed you to release 100 boxes ink from our consignment of 1,000 boxes June 17, to Chas. S. Eaton and 100 boxes to F. H. Jackson, and we asked you further to reship 200 boxes to places designated by them, consigning the goods to us.   We have not received bills of lading from these shipments, and should be glad to learn from you what was done in the premises."

Also a letter from same parties to same party, bearing date August 15, 1891, viz.:

"BOSTON, Aug. 15, 1891.

Mr. ROBERT J. WILLIAMS, 169 East 3d St., St. Paul, Minn.
     DEAR SIR : We are surprised to learn from your letter

of Aug. 12, how our instructions of July 14 were carried out. We beg leave to quote our telegram on that date as follows :

'Release 100 boxes to Chas. S. Eaton and 100 boxes to Fred. H. Jackson. Forward 200 consigned to us to places designated by them.' It seems to be perfectly plain from this telegram that we yielded the title to only 200 boxes of ink; the phrase 'consigned to us' expressing our purpose very clearly. We believe that Messrs. Eaton & Jackson are responsible parties and hope that no serious trouble will arise over your mistake; but should any difficulty occur in the premises, we shall, of course, insist upon our title to the shipment, excepting so far as we have expressly yielded that title, and shall hold the proper parties responsible for any losses.

Yours truly,

CARTER, DINSMORE & Co."

Also a letter to Brockway, dated Aug. 15, 1891, viz.:

"BOSTON, Aug. 15, 1891.

Mr. C. R. BROCKWAY, Diamond Joe Line, St. Paul, Minn.

DEAR SIR: We are advised by Mr. R. J. Williams, of the Ill. Cr. R. Co., that he gave you a copy of our telegram of July 14, which read as follows: 'Release 100 boxes to Chas. S. Eaton and 100 boxes to Fred. H. Jackson. Forward 200 consigned to us to places designated by them.' It would appear from Mr. Williams' letter that you not only delivered the 200 boxes which we ordered to be released to them, but also the 200 additional boxes, the title to which we expressly reserved, in the phrase 'consigned to ourselves.' We believe that Messrs. Eaton & Jackson are responsible parties, and hope that no serious difficulty will arise in the premises. We have never released our title to the 200 boxes, however, and, of course, we shall look to the proper parties for indemnification in case of any difficulty in the matter of collection.

Yours truly,

CARTER, DINSMORE & Co."

The declaration consists of two counts. The first count

charges liability against appellant as a common carrier. The second count is in trover, charging appellant with the conversion of 200 boxes of ink.

A plea of the general issue was filed, and the cause was tried before the court without a jury.

Judgment was rendered against appellant for $250, from which this appeal is taken.

G. W. & J. T. KRETZINGER, attorneys for appellant.

L. M. GREELEY, attorney for appellees.

Appellees were entitled to recover for the wrongful delivery of the goods by appellant upon the count in trover. Indianapolis & St. Louis R. R. v. Herndon, 81 Ill. 143.

It matters not whether the wrongful delivery was made by appellant in the character of common carrier, or whether such wrongful delivery was made by it in the character of warehouseman.    Indianapolis & St. Louis R. R. Co. v. Herndon, 81 Ill. 143; Peoria, etc., R. R. Co. v. Buckley, 114 Ill. 337.

In the case of a wrongful delivery, trover lies without the necessity of a demand previous to the bringing of the action.    Ill. Cent. R. R. Co. v. Parks, 54 Ill. 294; Howitt v. Estelle, 92 Ill. 218; Bane v. Detrick, 52 Ill. 19; Hayes v. Mass. Life Ins. Co., 125 Ill. 626–637.

MR. JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

A question is made by appellant to the effect that the court found that the plaintiff was entitled to recover under the first count, and not under the second count, and inasmuch as it is claimed there was a fatal variance between the proof and the first count, that the judgment must be reversed because of such variance.    This contention as to the finding of the court would seem, from the abstract, to be correct, but by the record in the bill of exceptions and the judgment of the court, it appears that the court held that the plaintiff was entitled to recover, and the finding

of the court in its order of judgment is, "finds the defendant guilty and assesses the plaintiff's damages at the sum of $250." This we regard as a finding generally, and is sufficient if either count is good.

We do not understand that it is claimed by appellant, but that appellees were entitled to recover under the count in trover, if entitled to recover at all under the evidence; and if it did so contend, we are of opinion such contention is not tenable. The count in trover is good. R. R. Co. v. Herndon, 81 Ill. 143; R. R. Co. v. Buckley, 114 Id. 337.

We are inclined to the view that appellant's liability was as a warehouseman and not as a common carrier, the goods having been safely carried and stored in appellant's warehouse in St. Paul, unless it was made liable as a carrier by a failure to obey the order to its agent, Brockway, to forward the 200 boxes of ink in question consigned to appellees to places designated by Eaton & Jackson. (Gregg v. R. R. Co., 147 Ill. 555, and cases cited.) Waiving that question, however, we think they were liable as warehousemen. It was appellant's plain duty under the order given to its agent, if it undertook to act under the order, to forward the goods to places to be designated by Eaton & Jackson to appellees as consignees, and in delivering them to Eaton & Jackson, there was negligence—a wrongful delivery, for which it is liable. It failed to exercise ordinary or reasonable care as to the goods, as was its duty as warehouseman. Herndon case, *supra;* Buckley case, *supra;* Gregg case, *supra.*

We think the contention of appellant that Brockway was the agent of appellees, and not of appellant, is not tenable, and what was said by the Supreme Court in I. C. R. R. Co. v. Carter, 165 Ill. 572, as to the agency of Williams, was said with reference to the liability of the railway company as a carrier and insurer and after its duty had been fully performed by delivering the goods to appellant. Appellant assumed the liability of warehouseman of these goods, and it continued until the goods were delivered to the persons entitled to receive them. They failed to perform their duty to exer-

cise ordinary and reasonable care to deliver them as their agent was directed.

Appellees have assigned as cross-error that the court refused to hold a proposition of law to the effect that they were entitled to recover interest. Conceding appellees' right to recover interest from the date of wrongful delivery to the date of the judgment, the proposition of law which the court was asked to hold was that appellees were entitled to interest from August 7, 1891, the date of Brockway's letter to Carter, Dinsmore & Co., while the evidence fails to show there was a delivery prior to August 12, 1891, and the letter referred to is dated August 17, 1891. The court did not err in refusing the proposition as asked. The judgment is affirmed.