## Brink's Chicago City Express Co. v. W. A. Hendricks.

1. TROVER—*Against Warehouseman Who, by Mistake, Delivers Goods to a Wrong Person.*—An action of trover lies against a warehouseman who, by mistake, delivers goods to a wrong person.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

This is an action in trover to recover the value of certain

property alleged to have been left for storage with appellant, as a warehouseman, in September, 1894.

Appellee paid storage charges for the goods in question and other property stored with appellant, from September, 1894, to February 20, 1897. In June, 1896, appellant wrote informing appellee that October 9, 1894, it had shipped the articles in controversy and had since been informed by the Illinois Central Railroad Company that they had been sold for charges in August, 1895. Upon the trial it was stipulated that the value of the lost articles was $600, and judgment was rendered in appellee's favor for that amount.

GRANT NEWELL, attorney for appellant.

BEACH & BEACH, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The ground upon which it is sought to reverse this judgment is that "there was not a sufficient showing on the part of the plaintiff with reference to the matter of demand." As the abstract fails to disclose the character of much of the evidence, we ought to presume that the judgment of the Circuit Court is correct and would so appear if the evidence had been properly abstracted for our consideration. It does, however, appear that there is evidence tending to show a demand made before suit was brought; and it appears that the record shows appellant had admitted it received the goods for storage, retained them in its custody for a considerable time, collected storage charges therefor, negligently delivered them without orders and by mistake at the wrong place, where they were finally sold as unclaimed property to pay charges, and were thus wholly lost. An action of trover lies against a warehouseman who, by mistake, delivers goods to a wrong person, and he will be responsible for the loss as upon a wrongful conversion. I. & St. L. R. R. Co. v. Herndon et al., 81 Ill. 143–146; P. & P. U. Ry. Co. v. Buckley, 114 Ill. 337; Diamond Joe Line v. Carter, 76 Ill. App. 470.

The judgment of the Circuit Court will be affirmed.

Mr. Justice WATERMAN took no part.