## C. Lessig, Appellee, v. The American Pneumatic Carpet Cleaning Company, Appellant.

### Gen. No. 15,434.

ASSUMPSIT—*when lies.* Assumpsit lies for the negligent performance of a contract to clean tapestries.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1909. Affirmed on remittitur. Opinion filed November 10, 1910.

JAMES JAY SHERIDAN and GROVER C. NEIMEYER, for appellant.

CHARLES B. STAFFORD, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant is, as its name implies, engaged in cleaning carpets and also, as the evidence develops, tapestries and kindred fabrics. Plaintiff entrusted to defendant a valuable piece of tapestry known in the trade and to connoisseurs of such articles as a "Beauvais" tapestry. It is claimed that the tapestry was returned in a ruined condition and valueless. To recover the value of this "Beauvais" tapestry was the object sought by the institution of this suit. A trial before the Circuit Court with a jury resulted in a verdict for $900, and the plaintiff having remitted $300 a judgment was entered by the court for the remaining $600 and defendant appeals.

It is contended that an action of assumpsit will not lie. Whatever may be claimed as to the amended count being in case, we think a recovery might be sustained in assumpsit under that count. Notwithstanding case would be an appropriate action, one good count in a declaration is sufficient to sustain a verdict and judgment thereon. When defendant undertook the task of cleaning the tapestry the law implied that it would do so in a workmanlike manner. For a breach of such implied contract assumpsit is an appropriate action. A close examination of the testimony convinces our minds that the jury might not only find that the "Beau-

vais'' tapestry was the property of plaintiff, but that defendant returned it to plaintiff in a ruined condition and was therefore liable to respond to her for its value.

Waiving the criticisms on the court's rulings on the evidence and its instructions to the jury, which we do not account for reversible error, we come to the question of the measure of plaintiff's damages, which is the value of the "Beauvais" tapestry at the time it was delivered to defendant to clean. We do not regard plaintiff's testimony as to value as at all reliable. She had no practical experience or expert knowledge. At most she was but an amateur. Mr. Bell, her father, expressed too many and divergent opinions as to value to entitle his estimate to much weight. His first estimate of $500 is entitled to consideration from the fact that it sustains the testimony of Mr. Henry. Henry's testimony is entitled to great weight. In the first place, he was entirely disinterested, bearing no relation to either of the parties, nor was he interested in the outcome of the controversy. Besides he had been in the business twenty years and was therefore most competent to judge of values. He testified that the tapestry, the subject of contention, was a French tapestry called a "Beauvais" and was made at the government factory in Paris, France; that it was two or three hundred years old, antique with age and in a fragile condition; that he had bought and dealt in similar tapestries at first hand, and valued the tapestry of plaintiff at $500. We think all the facts touching value considered, including Henry's testimony, establish the value of the tapestry at $500. On the trial defendant's attorney insisting the tapestry was then in as good condition as it was when received for cleaning and was not worth to exceed $200, and plaintiff's attorney proclaiming that it was worth nothing, the attorney of defendant offered to buy it for that sum. This offer was accepted and the $200 paid in open court. We think, therefore, crediting this $200 payment upon the value of the tapestry, the verdict and judgment should have been for $300 and no more.

The judgment of the Circuit Court will be affirmed on a *remittitur* of $300 within five days; otherwise the judgment will be reversed and the cause remanded.

*Affirmed on remittitur of $300.*