Anna Mayer, Appellee, v. L. B. Miller and Joseph Miller, trading as Miller's Buena Fireproof Warehouse, Appellants.

## Gen. No. 24,586.

1. APPEAL AND ERROR, § 1745*—*when judgment affirmed because of improper brief.* The Appellate Court would be justified in penalizing an appellant, for a gross violation by his attorney of rule 19 of the court by inserting pages of the testimony in the brief in the form of questions and answers, by affirming the judgment.

2. WAREHOUSEMEN, § 15*—*when warehouseman guilty of conversion in delivering goods to officer.* A warehouse company which surrenders household goods belonging to a wife, to whom and in whose name the receipt therefor was given, to a bailiff on an attachment against the husband, without protest and without informing the bailiff that the property belonged to the wife, was guilty of conversion.

3. EVIDENCE, § 372*—*when witness competent to testify as to value of household goods.* A housekeeper who has bought household goods is competent to testify as to the value of such goods, the probative value of her testimony being for the jury.

4. WAREHOUSEMEN, § 15*—*what is measure of damages for conversion of household goods.* In an action for the conversion of household goods, the measure of damages is their value at the time of conversion, with legal interest.

5. WAREHOUSEMEN, § 15*—*when trover lies against warehouseman.* An action of trover lies against a warehouseman who delivers goods to a wrong person.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

6. TROVER AND CONVERSION, § 31*—*when demand unnecessary.* A demand upon a warehouseman for goods alleged to have been converted is unnecessary when the warehouseman has put compliance with such demand beyond its power.

7. APPEAL AND ERROR, § 1533*—*failure to mark instruction as harmless error.* Failure in a civil action to mark an instruction "Given," while irregular, is not sufficient ground for reversal.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed March 10, 1919. *Certiorari* denied by Supreme Court (making opinion final).

PLOTKE & KAUFMAN, for appellants.

ILES, O'CONNOR, EBERHARDT & KESLER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by defendants from a judgment against them for $1,003 in favor of plaintiff in an action in trover. Plaintiff suggests that the judgment be affirmed for the violation by defendants of rule 19 of this court, which rule is grossly violated by the insertion in the brief of page after page of testimony in the form of questions and answers. We would be justified in penalizing defendants by affirming the judgment for the infraction by their counsel of this rule.

Plaintiff stored certain household goods in the warehouse of defendants and took their receipt therefor in the usual form. Notwithstanding the property was Anna Mayer's, the plaintiff, defendants on the 30th day of April, 1914, allowed a bailiff of the Municipal Court of Chicago to levy upon the property under an attachment writ in favor of *Lucius J. Malmin v. Carl H. Mayer,* the defendant in the attachment suit being the husband of plaintiff in this suit. Subsequently the property was sold in the attachment proceeding and the same lost to plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mayer v. Miller et al., 213 Ill. App. 279.

The property was surrendered to the bailiff on the attachment writ without any protest on the part of defendants and without informing the bailiff that the property was the property of plaintiff and not of Carl H. Mayer. While there was some dispute regarding defendants' knowledge of the ownership of the furniture stored, we are satisfied that the jury might reasonably find from the evidence that the property was that of plaintiff and that the receipt therefor was given to her and was in fact in her name.

Defendants argue for reversal the failure of plaintiff to prove the proper measure of damages, failure of plaintiff to demand the property of defendants before suit, that there was no conversion by defendants, and errors in rulings upon instructions.

Plaintiff, testifying as to the value of the property, swore that she was a housekeeper and knew the value of property of the nature of that in controversy stored with defendants, and, so far as her testimony went, confined the same to the market value of the property as of the time of its conversion by delivery by defendants to the Municipal Court bailiff. The plaintiff qualified as a witness as to values, and her testimony was confined to the value of the property at the time of its conversion. A housekeeper who has bought household goods is competent to testify as to the value of such property. The question as to the probative force of her testimony was for the jury to determine. The measure of damages is the value of the property at the time of conversion with legal interest. *Janeway v. Burton*, 201 Ill. 78; *Burns v. Shoemaker*, 172 Ill. App. 290.

There was a conversion of the property when defendants voluntarily parted with the same. An action of trover lies against a warehouseman who delivers goods to the wrong person. *Brink's Chicago City Exp. Co. v. Hendricks*, 104 Ill. App. 154.

As defendants had put it out of their power to comply with any demand, if one had been made, a demand

was unnecessary to enable plaintiff to maintain her action in trover for the goods. *Freehill v. Hueni,* 103 Ill. App. 118.

Defendants complain of the giving of the first instruction because, as it is argued, the instruction, which was an impeaching instruction, required corroboration by more than one witness, or by all the circumstances or facts as shown by the evidence. It is sufficient to say that the instruction is not susceptible of this interpretation.

Another instruction is objected to because it was not marked "Given." While this was an irregularity, it is not of itself sufficient to call for a reversal. The reasoning in *People v. Bopp,* 279 Ill. 184, which was a criminal case, is without controlling force in this case, which is civil.

The instruction complained about regarding the liability of a warehouseman, in circumstances akin to those in the case at bar, correctly stated the legal principle involved.

There is no reversible error in this record and the judgment of the Circuit Court is therefore affirmed.

*Affirmed.*