**Andrew L. Wiegert, Appellee, v. Davis Cleaning & Dyeing Company, Appellant.**

64

Opinion filed June 5, 1929.   Rehearing denied July 26, 1929.

H. L. Browning and Josiah Whitnel, for appellant.

Felsen & Kane, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The appellee started suit in a justice of peace court against the appellant, the Davis Cleaning & Dyeing Company, a corporation, to recover the value of a rug that had been delivered by Wiegert to the cleaning company, and recovered judgment in that court for $115.   The suit was started on the 6th day of January, 1928.   The case was appealed by the Cleaning & Dyeing Company to the circuit court of St. Clair county, and a trial by jury was had, and a verdict rendered for plaintiff for $95; a remittitur of $10 was entered, and judgment on the verdict was entered for plaintiff for $85.

The Davis Cleaning & Dyeing Company prosecutes an appeal to this court.

On or about the 15th of October, 1927, the appellee delivered the rug in question to a driver of the cleaning

company who delivered the rug to the appellant for the purpose of having it cleaned. About five days after the rug was delivered to the appellant a rug was delivered by the appellant to the appellee and the appellee paid the appellant $3 for the cleaning of the rug. After the rug was delivered to the appellee it was rolled up and placed in appellee's home. About a month after this rug was delivered to the appellee a sister-in-law of the appellee told the appellee that this rug was not his rug. The appellee immediately went to the office of the appellant and complained to it that it had not delivered to him his own rug and told it what the difference was between this rug and the rug that had been delivered to it. Appellant's agents and employees told him that they thought that the right rug had been delivered, but they would look into it.

About three weeks later appellee again called the attention of the appellant to the fact that his rug had not been delivered to him, and asked what it was going to do about it, and it insisted that it had delivered the right rug.

The controverted question is whether appellee's old rug was delivered to him. The jury by their verdict have found that it was not. We think there is ample evidence in the record to sustain the finding of the jury that the rug which was originally delivered from appellee to appellant was not the same rug the appellant later delivered to appellee as his rug.

When the appellee delivered his rug to the appellant to be cleaned for hire it became a bailment between the parties, and the attorneys on each side of this controversy have treated it as such in their briefs and arguments. The law is that a bailee for hire must use ordinary care in the preservation of property intrusted to his care, and the identical property is to be returned. If the bailee receiving the property fails to return it, the presumption arises that the loss is due to his negligence, and the law imposes upon him

the burden of showing that he exercised that degree of care required by such bailment. (*Chicago German Hod Carriers Union v. Security Trust & Deposit Co.*, 315 Ill. 204, 211; *Miles v. International Hotel Co.*, 289 Ill. 320; *Fleet v. Hertz*, 201 Ill. 594.)

The appellant insists that because the appellee did not return the rug which it had delivered to the appellee he is estopped from denying that the rug it had delivered to him was his rug, and cites numerous cases to support this contention. Examination of all those cases discloses that the question of bailment is not involved in any of them, but all are cases arising out of sales contracts and have no application to the questions of law in this case.

The law of bailments is that the identical article delivered must be returned, and hence it was the duty in this case for the Cleaning & Dyeing Company to clean the rug and deliver the same rug to the appellee. The fact that the appellee has not sent the rug back to appellant will not bar recovery in a case of this kind. The record is silent as to whether the cleaning company ever requested the return of the rug from the appellee, or that the appellee ever refused to return it, if he received pay for his own rug, or if his own rug was delivered to him.

Before the justice of the peace a bill of particulars was filed as follows: "To one rug, October 15, 1927—$115.00."

Appellant insists that the plaintiff is barred from recovery in this case for the reason that the bill of particulars was such that a recovery could not be had under the evidence in this case. The cases cited to support this contention are of actions that arose in a court of record where formal pleadings are required. This case originated in a justice of the peace court where no formal pleadings are required. The purpose of a bill of particulars is to inform the adverse party what the basis of the suit is,

We are of the opinion that this bill of particulars gave the defendant notice of what he intended to rely upon, namely: That he was suing for the value of a rug, and it could have been made more specific if the defendant's attorney had called for a more specific bill of particulars before the trial, before the justice of the peace, but this was not done. In the case of *Wilcox v. Tetherington,* 103 Ill. App. 406, it is stated: "It is the settled construction of our statute relating to proceedings before justices of the peace that no written pleadings are required. The allegations and counter-allegations of the parties or their attorneys are all presumed to be *ore tenus* and their rights depend upon what is proved, rather than upon what is said or pleaded."

The appellee's sister-in-law, Sylveria Wiegert, was called as a witness for the appellee to prove the value of the rug in question. This witness testified that she had bought a number of rugs at retail stores and that she knew the values of rugs and that she knew the value of the rug that Mr. Wiegert had sent to the Davis Cleaning & Dyeing Company, and in her opinion the value of this rug would be $115 new, and would be worth $85 at the time it was delivered to the appellant. There was no other evidence offered by either side to this suit relative to the value of this rug. It is insisted by the appellant that this was not competent evidence to establish value of the rug. It is not necessary for a person to qualify as an expert on the value of rugs to be able to give an opinion as to the value of an ordinary rug. We think that such things are of such common knowledge that the ordinary housewife could give a fair opinion relative to the value of such rugs. No doubt a different rule prevails when any article has extra value and is of such a nature that the ordinary person would have no knowledge of the kind of such a rug and the value of the same.

This case does not come under the rule as laid down in *Mauvaisterre Drainage & Levee Dist. v. Wabash Ry. Co.,* 299 Ill. 299, in which the right of way of the railway company was involved; nor in the *Lessig v. American Pneumatic Carpet Cleaning Co.,* 158 Ill. App. 420 case, in which a rug of extra value was involved, but comes under the rule as laid down in *Mayer v. Miller,* 213 Ill. App. 279; *Sinamaker v. Rose,* 62 Ill. App. 118; *Gross v. Saratoga Hotel Co.,* 176 Ill. App. 160.

The trial court properly admitted this evidence. Its probity force was for the jury to determine.

We find no reversible error in this case and the judgment is hereby affirmed.

*Affirmed.*