**Mrs. J. Ruud, Appellee, v. H. Bostrom, trading as H. Bostrom Van Company, Appellant.**

**Gen. No. 27,780.**

1. WAREHOUSES AND STORAGE—*irregular sale for storage charges as conversion.* A warehouseman who received household goods for storage on an express contract evidenced by warehouse receipts is guilty of conversion of such goods where, after holding the goods in storage, he demanded payment of the accrued charges which plaintiff was unable to pay at that time, and thereafter he sold the goods for the charges without giving plaintiff any notice thereof, although he knew her address, and without complying

with the provisions of the Act of July 1, 1907, sec. 33, Cahill's Ill. St. ch. 114, ¶ 268.

2. DAMAGES—*measure for conversion of used household goods by warehouseman.* In an action for the conversion of used household goods and furniture against a warehouseman with whom they had been stored, plaintiff is not limited to the market value at the time of conversion, but is entitled to recover the actual value of such articles to plaintiff.

3. CONVERSION—*demand and refusal as fixing time of tort.* In an action against a warehouseman for the conversion of household goods and furniture stored with him, the admission of evidence as to the value of such goods, at the time of demand and refusal for them, six or seven months after their actual conversion, during which time the value of such goods had increased, is not erroneous where it appears that although the actual conversion took place at an earlier date, there was no refusal by defendant to return the goods until the later period at which time plaintiff first learned of the conversion.

4. STATUTES—*when amendment changing mode of procedure may be retroactive.* The Municipal Court Act as amended in 1921 (Laws 1921, p. 393), Cahill's Ill. St. ch. 37, ¶ 449, subdiv. 12, providing that in case either party shall demand a jury trial, the cause shall be tried by jury unless both parties shall waive trial by jury, is applicable to a cause pending when the amendment became effective in which, before passage of the amendment, defendant demanded and then withdrew his demand for jury trial, plaintiff refusing to join in the withdrawal, and the trial court properly refused to try such cause without a jury upon plaintiff's refusal to waive trial by jury when the cause was called for trial after the amendment became effective.

5. SAVING QUESTIONS FOR REVIEW—*necessity for exceptions to form of verdict in conversion.* Defendant in conversion cannot first object in the reviewing court to the form of verdict finding him guilty of converting plaintiff's goods where the court charged the jury orally at the trial and then submitted to them the forms of verdict without objection by defendant or any request for other forms.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed December 5, 1922.

OSCAR D. OLSON, for appellant; JOEL C. CARLSON, of counsel.

ALBERT G. KAISER, for appellee; FREDERICK A. FREEARK, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On July 29, 1920, plaintiff commenced a first-class tort action in the municipal court of Chicago. She alleged, in substance, in her statement of claim that on November 3, 1917, defendant received certain of her used household goods and furniture, to be stored for hire and to be redelivered to her order upon demand and payment of accrued charges; that shortly prior to May 1, 1920, she demanded their redelivery, offering to pay the charges; that defendant failed to redeliver them, informing her that he had previously sold them; and that at the time of said demand they were reasonably worth $2,000. Defendant demanded a jury trial. In his amended affidavit of merits he alleged, in substance, that when she demanded the return of the goods she knew that they had been sold to pay accrued charges; that in November, 1918, she gave the goods to him for the purpose of paying the charges; and that they were worth only about $50. On the trial plaintiff introduced in evidence a warehouse receipt issued to her by defendant, dated November 3, 1917, wherein it was stated that said goods had been received in defendant's warehouse, deliverable to plaintiff, or order, upon payment of cartage charges of $12, and storage charges of $3 per month, and the surrender of the receipt. The jury returned a verdict finding the defendant guilty of converting to his own use the said goods of plaintiff, and assessing her damages at the sum of $725, upon which verdict the court entered judgment against defendant, and he appealed.

On the question of conversion, the testimony disclosed that plaintiff had only paid a small amount, about $13, on accrued storage charges. Defendant

testified, in substance, that early in 1919 he called on plaintiff and demanded payment of such charges; that she then said that if he did not hear from her in two weeks he might take the goods for the charges; that some time during the fall of 1919 he sold the goods for a sum less than the amount of the charges; and that before the sale he did not give her any written notice thereof, although he knew her address. Plaintiff testified, in substance, that defendant never told her that if she did not pay the charges he would sell the goods; that she at no time told him that he might have the goods for the charges; and that in April, 1920, having obtained money with which to pay the charges, she went to defendant's warehouse, demanded the goods of him, and was then for the first time informed that they had been sold. We think that the evidence fully warranted the jury in finding that the defendant was guilty of a conversion of the goods. He was a warehouseman, and was not justified in selling the goods to satisfy his lien for charges without complying with the provisions of section 33 of the "Act in regard to Warehouse Receipts," in force July 1, 1907 (Cahill's Ill. St. ch. 114, ¶ 268), which he did not attempt to do.

Another question in the case relates to the amount of damages awarded by the jury. It is well settled that in an action of trover the proper measure of damages is the market value of the property at the time of the conversion, with interest from that time until the trial. (*Sturges v. Keith,* 57 Ill. 451, 463.) It is said in *Head v. Becklenberg,* 116 Ill. App. 576, 580: "But clothing and household goods which have been worn and used cannot in all cases be said to have a market price and will not sell as secondhand goods for what they are really worth to the owner, and in such case in order to give the owner compensation for damage sustained he must be permitted to recover the actual value of such articles." Plaintiff, as the owner

of the household goods in question, was a competent witness to testify as to their value. (*Sinamaker v. Rose,* 62 Ill. App. 118, 120; *Hebard v. Riegel,* 67 Ill. App. 584, 586.) She testified to the value of each of the articles stored, which in the aggregate amounted to a sum considerably in excess of the amount of the jury's verdict. One of her witnesses, Caputo, testified to the value of certain of the articles in April or May, 1920, and gave figures which were somewhat less than those given by her for the same articles. Defendant testified that the goods in April or May, 1919, were worth about $75, provided $25 were expended in fixing and polishing them. An employee of defendant testified that in April or May, 1920, they were not worth in excess of $40. We are unable to say that the verdict was excessive or not warranted by the evidence. In *Sturges v. Keith, supra,* it is said: "When the article converted is one which has no real market value, but its value is enhanced to the owner by personal or family considerations, then, from the necessity of the case, the rule of damages would be measurably within the discretion of the jury."

Counsel for defendant contend that the goods were converted in the fall of 1919, when defendant sold them, and that, therefore, the testimony of the witness, Caputo, as to their value in April, 1920, about six months after the conversation and during which time the values of such goods had increased, as the evidence showed, was incompetent and its admission erroneous. We cannot agree with the contention. Plaintiff made demand for the return of the goods in April, 1920, and was then for the first time informed of defendant's conversion thereof. Under such circumstances we think that the conversion should be considered to have taken place at the time of her demand and his refusal to return the goods, at least for the purpose of estimating their value. (*Sturges v. Keith, supra; Northern Transportation Co. v. Sellick,*

52 Ill. 249; *Reabie v. Brackett,* 109 Ill. App. 631, 636.)

It appears that when the case was called for trial defendant withdrew his prior demand for a jury trial, in which withdrawal plaintiff refused to join.    Between the time defendant filed his original demand for a jury and the time the case was called for trial, the legislature, in 1921, amended section 56 of the Municipal Court Act (Laws 1921, p. 393, Cahill's Ill. St. 1921, ch. 37 ¶ 449, subdiv. 12), so as to provide that "in case either party shall file such demand, the cause shall be tried by jury unless *both parties* shall waive trial by jury and submit the cause to the court for trial without a jury."    Inasmuch as plaintiff, when the case was called for trial in November, 1921, would not waive a jury trial, which defendant had previously demanded, the court refused to try the case without a jury.    To this ruling defendant's attorney objected, claiming that the said amendment was not retroactive and not applicable where the action was commenced and the prior demand for a jury was made before the passage of the amendment.    The point is urged here as a ground for a reversal of the judgment.    We deem it to be without merit.    The amendment only changed a rule of practice or the mode of procedure.    (36 Cyc. 1213; *Holcomb v. People,* 79 Ill. 409; *Illinois Cent. R. Co. v. City of Wenona,* 163 Ill. 288; *Woods v. Soucy,* 166 Ill. 407; *Otis Elevator Co. v. Industrial Commission,* 302 Ill. 90, 93.)

Counsel for defendant further contend that the form of the jury's verdict, finding defendant "guilty of having maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff, converted to defendant's own use the goods and chattels of the plaintiff," is erroneous, because there was no charge of malice or fraud in plaintiff's statement of claim.    The court charged the jury orally and at the conclusion of the charge handed to them two forms

192   APPELLATE COURTS OF ILLINOIS.

Boston Store v. Hartford Acc. & Indem. Co., 227 Ill. App. 192.

of verdict, the one which they used and the other ''we, the jury, find the defendant not guilty,'' and appropriately explained the proper use of the papers.   At the time defendant's attorney made no objection to the charge or to the forms of verdict, nor did he request any other forms.   We think that the portion of the verdict complained of may be treated as surplusage, and that even if its form be considered faulty, defendant cannot object to it for the first time in this reviewing court.   (*Woods v. McCrimmin,* 204 Ill. App. 399; 38 Cyc. 1904.)

Finding no reversible error in the record, and believing that by the verdict and judgment substantial justice was done, the judgment of the municipal court is affirmed.

*Affirmed.*

BARNES, P. J., and MORRILL, J., concur.