MALSTON CO., Inc., v. ATLANTIC TRANS-
PORT CO. OF WEST VIRGINIA et al.

Circuit Court of Appeals, Fourth Circuit.
January 17, 1930.

No. 2913.

George Forbes, of Baltimore, Md. (Henry L. Wortche, of Baltimore, Md., on the brief), for appellant.

George W. P. Whip, of Baltimore, Md. (Lord & Whip, of Baltimore, Md., and Burlingham, Veeder, Fearey, Clark & Hupper, Chauncey I. Clark, and A. Howard Neely, all of New York City, on the brief), for appellee Atlantic Transport Company.

Frank B. Ober, of Baltimore, Md. (Janney, Ober, Slingluff & Williams, of Baltimore, Md., on the brief), for appellee Baltimore Steam Packet Company.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. On November 16, 1925, the oil tank steamship Hugoton collided with piers 6 and 7 on the Canton side of the Baltimore harbor and sustained considerable damage. The vessel was empty at the time, and was drawing 17½ to 18 feet of water aft and only 2 feet forward. She had just been taken from her berth, some 1,500 feet north of where the collision occurred, and, after the tug had left her, had proceeded only a short distance, when she was blown by the wind against the piers. Her owners have filed this libel against the steam tugs International and Mary O'Riordan, claiming that they proceeded across her course in violation of article 19 of the Navigation Rules; that this made it necessary for her to stop and reverse her engines; and that this resulted in loss of momentum, which caused her to be blown against the piers. The tugs contend that, at the time they crossed the channel, the Hugoton was not under way, but was maneuvering to get on her course, and that the rule applicable is not the starboard hand rule, but the special circumstance rule; that the vessel was so far away at the time that their crossing the channel involved no possible risk of collision; and that her being blown upon the piers resulted, not from anything which they did, but from the fact that she had never succeeded in getting under way and was unable to control herself in the narrow channel because of the wind.

It is not necessary to enter into a technical discussion of the rules of navigation or the points of law raised with regard thereto, for the learned District Judge has found as a fact that, at the time the tugs crossed the channel, the vessel was so far away that there was no risk of collision, and that her stopping and being blown upon the piers was due entirely to her own fault. The evidence is highly conflicting,

questions are raised as to the credibility of witnesses, and the probabilities of the situation have been the subject of extended argument. The trial judge saw the witnesses and heard them testify, and, in addition to this, is familiar with the location where the collision occurred. In such case it is well settled that we would not be justified in reversing his findings unless we are prepared to say that they are clearly wrong, which, under the record here, we certainly could not do. His findings are supported by evidence, and, while there is some evidence to the contrary, it is not such as would justify a reversal. The decree below will accordingly be affirmed.

Affirmed.