**THOMPSON v. CHANCE MARINE CONST. CO.**

No. 2987.

Circuit Court of Appeals, Fourth Circuit.

Nov. 22, 1930.

George W. P. Whip, of Baltimore, Md. (Lord & Whip, of Baltimore, Md., and John Lewis Smith and John Paul Jones, both of Washington, D. C., on the brief), for appellant.

Emory H. Niles and Theodore R. Dankmeyer, both of Baltimore, Md., for appellee.

Before NORTHCOTT, Circuit Judge, and BAKER and SOPER, District Judges.

PER CURIAM.

This is a libel in admiralty brought by the owner of the gasoline boat Reveler against the appellee, the Chance Marine Construction Company, because of the destruction of the boat by fire at Annapolis, Md., on May 31, 1927. The Reveler was 67 feet long and 15 feet deep, and was in the shipyard of the appellee being worked upon under contract between her owner and the construction company. The repairs were practically completed by May 28, and on that date the owner, with a party of friends, took the boat out, but returned her to the construction company for completion of the work on the evening of May 30. On May 31 an employee of the owner of the boat was sent down to the construction company's plant to put the staterooms and the salon in order after the cruise. This employee of the owner was on the boat at the time the fire started. Two employees of appellee were also on the boat the day of the fire engaged in some work in connection with the plumbing. The boat was destroyed by fire on May 31. On the hearing below, the trial judge found that the construction company had proven the absence of any negligence on its part or the part of its employees in causing the fire, and dismissed the libel.

This court has repeatedly held that a finding of the trial judge, who had the opportunity of seeing the witnesses, hearing their story, judging their appearance, manner, and credibility, on questions of fact, is entitled to great weight, and will not be set aside, unless clearly wrong. Lewis v. Jones (C. C. A.) 27 F.(2d) 72; The Hugoton; Malston Co. v. Atlantic Transport Co. (C. C. A.) 37 F.(2d) 570. We know of no federal decision to the contrary opinion on this point. Here the judge was in our opinion clearly right in the conclusion reached by him upon the testimony.

In the case of Newport News Shipbuilding & Dry Dock Co. v. United States (C. C. A.) 34 F.(2d) 100, will be found a full discussion by this court of the question of the liability of bailees engaged in the repairing of a ship, and in Kohlsaat v. Parkersburg & Marietta Sand Co., 266 F. 283, 11 A. L. R. 686, this court also passed on a similar question. We hold the proper rule to be that the burden is upon the bailee to prove absence of negligence upon his part, but we are of the opinion that this rule may not be extended so far as to cast upon the bailee the burden of proving the origin of the thing that caused the damage. It may well be, and in fact often is, the case that the origin of a fire is not known and is not susceptible of proof, and the bailee sufficiently carries the burden imposed on him by proving absence of his own negligence or that of his employees. Those cases relied upon by proctors for the appellant to sustain their contention that the bailee must prove the origin of the cause of the damage seem, upon examination, to hold only that the bailee must do everything that he can to show the origin, and in some cases, where evidence has not been produced by the bailee that it was in his power to produce, such as a production of witnesses in his employ, then the presumption has arisen that the bailee has not sufficiently carried the burden of proving absence of negligence on his part or the part of his employees. See Newport News Shipbuilding & Dry Dock Co. v. United States, supra. But in no instance do we find the bailee held responsible where he has made full disclosure of all facts within his knowledge or within the knowledge of those under his control, and has proven to the satisfaction of the court absence of negligence on his part.

We agree with the reasoning and conclusion of the trial judge, and the decree of the court below is accordingly affirmed.

Affirmed.