Frank Brenton et al., Appellants, v. Sloan's United Storage and Van Company, Appellee.

Heard in this court at the
May term, 1942. Opinion filed
June 27, 1942.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and JOSEPH J. LEMEN, all of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of St. Clair county, granting a new trial in an action brought by the ten petitioners, Frank Brenton, W. M. Tyler, Mrs. Ben Myers, Clarence Stephens, Mrs. E. Davis, F. L. Warren, Logan Durnil, C. S. Gains and L. Skalovsky and Louise Lynn (hereinafter called plaintiffs) as against the respondent, Sloan's United Storage and Van Company (hereinafter called defendant) for damages sustained by plaintiffs by reason of the failure of the defendant warehouse company to return to each of them certain furniture and household goods which was stored with the defendant. A petition for leave to appeal to this court has been granted heretofore.

The plaintiffs filed an action against the defendant, a licensed warehouse operator of a storage warehouse,

to recover certain articles of furniture and household goods which, the facts disclosed at the trial show, were destroyed by fire. While no affirmative defense was pleaded in the answer of the defendant, such answer denied the general allegations of failure to perform its duty as a warehouseman, and the issue of negligence on the part of the defendant was thereby raised.

The plaintiffs, in the respective cases, established the fact of the deposit with the defendant of furniture and household belongings, and the payment of storage charges, or an extension of credit. They also established that after the fire they demanded return of their belongings and that such request was denied. Each of the plaintiffs, after testifying to familiarity with the nature of the goods deposited, and to a knowledge of the prevailing prices of such goods through shopping with friends, window shopping, noticing newspaper advertisements and hearing radio advertisements, testified as to his or her opinion as to the actual damage to such goods. There was some dispute in the trial court and on this appeal as to whether or not the proof of damages would require expert testimony or other testimony as to the value thereof. This court has previously concluded that where personal property is of a usual and ordinary nature, such as household goods, the value thereof was a matter of common knowledge, and any person, including a housewife, may testify as to its value (*Wiegert v. Davis Cleaning & Dyeing Co.*, 254 Ill. App. 63, 67; *Mayer v. Miller*, 213 Ill. App. 279, 281). Plaintiffs in this case, therefore, as the owners of the property, were competent witnesses to testify as to their actual value (*Gross v. Saratoga European Hotel & Restaurant Co.*, 176 Ill. App. 160, 164; *Ruud v. Bostrom*, 227 Ill. App. 186).

Evidence on behalf of the defendant admitted the storage of the articles of personal property by plaintiffs and the loss of the articles. Defendant, by way of defense in the action, established the nature of the construction of the building, the operation of its business,

the manner in which the goods were stored, the heating and lighting facilities, some evidence as to inspections, the fact of the fire and the lack of knowledge of defendant as to the origin of the fire. It was developed on cross-examination of some of defendant's witnesses that many things could have caused the fire, and it was also shown that because of the fact that the building was constructed with a number of bins for storage of the personal articles, a fire, once underway, would be hard to put out. The evidence also disclosed that when the fire department arrived at the fire, the fire was already too far advanced to permit the fireman to do much with it. There was also evidence indicating that the wiring in the building had been in place for 32 years, and it was also disclosed that apparently no attempt was made by the defendant to inspect the household goods that were stored in the bins to ascertain probable fire hazards, or to segregate such as might constitute fire hazards.

The jury returned a verdict for each of the plaintiffs in separate sums, totaling $4,705 which, in view of the record, appears to be consistent with the testimony. The trial court, after overruling defendant's motion for judgment notwithstanding the verdict, granted defendant's motion for a new trial and set aside all of the verdicts. Counsel for plaintiffs at such time requested the court, in accordance with the case of *Pillow v. Long,* 299 Ill. App. 542, 544, to state his reasons for granting a new trial, in writing, so that a hearing in the Appellate Court could be expedited. In complying with such request, the court assigned as reasons that (1) The plaintiffs had failed to sustain the necessary averments of their complaint and the elements of a cause of action, by a preponderance of evidence; (2) That the verdicts of the jury were against the manifest weight of the evidence; and (3) And other and further errors appearing in the trial and record, prejudicial to defendant.

It is true that an order granting a new trial should not be set aside by the reviewing court, unless it affirmatively appears that the trial court has clearly and palpably abused its discretion or proceeded upon some clear or manifest misapprehension of a supposed controlling rule of law (*Couch v. Southern Ry. Co.*, 294 Ill. App. 490; *Josate v. Mack*, 302 Ill. App. 246).

Similarly, if the facts are such as to be substantially undisputed and will create a question for determination by the jury, under circumstances in which it cannot be said that a verdict, as rendered, could be contrary to the manifest weight of the evidence, an Appellate Court, under such circumstances, may reverse an order granting a new trial.

Under the law of this State a bailor makes out a prima facie case as against a bailee by showing that the goods which have been bailed have not been returned upon demand, and such a prima facie case is not overcome by a mere showing to the effect that the goods have been burned, or otherwise destroyed (*Byalos v. Matheson*, 328 Ill. 269; *Clemenson v. Whitney*, 238 Ill. App. 308, 313; *Ill. Rev. Stat.* 1941, ch. 114, par. 240-c [Jones Ill. Stats. Ann. 141.055]).

To discharge himself from liability under such circumstances a bailee must show that the loss occurred without his fault and whether he has met his burden is a question of fact for the jury to decide (*Lederer v. Railway Terminal & Warehouse Co.*, 346 Ill. 140; *Byalos v. Matheson, supra; Clemenson v. Whitney, supra*).

As was stated in the case of *Heyman & Bros., Inc. v. Marshall Field & Co.*, 301 Ill. App. 340, at page 346: "In such case the bailee, before he is relieved from liability, must show that the loss, theft, or destruction by fire, was not the result of any negligence on his part." Unless all reasonable minds would agree that the defendant has shown the degree of care required of such bailment, the determination of the issue of due

care becomes a question for the jury. Ostensibly, this rule is an outgrowth of a recognition of the practical difficulty which a bailor would have in trying a bailment case, and places the burden on the defendant to explain the circumstances surrounding the loss of the goods. Plaintiffs, in such cases, usually are not in a position to rebut defendant's evidence and it is the omissions and weaknesses of the defendant's case that become vital for consideration of the jury in determining the question of due care.

In the instant case, as we have indicated in our statement of facts, there may have been a number of causes of the fire which could have been attributable to negligence on part of the defendant arising from the defendant's equipment or the nature of the storage of plaintiffs' articles. The facts essentially were not disputed and it was the inferences or conclusions to be drawn from such facts, which were determinative of the issue. Under such circumstances, to set aside the verdict of the jury finding against the defendant, as being contrary to the manifest weight of the evidence, cannot be sustained, and seems to us to be a usurpation of the function of the jury.

Some contention is made by the defendant that there was error in the giving of the one instruction given on behalf of the plaintiffs, which stated in substance that plaintiffs would be entitled to recover, unless defendant has shown by a preponderance of the evidence that it exercised ordinary care and diligence to prevent destruction and loss to the property. Such instruction was proper and is consistent with the law (*Traut v. Horace L. Winslow Co.*, 201 Ill. App. 83; *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43).

A refusal of certain instructions offered on behalf of the defendant was likewise proper, in view of the fact that two of the refused instructions sought to advise the jury that the issue was "negligence which caused the fire," and that the burden was on the plain-

tiff to make such showing. In implying that the burden was on the plaintiff to establish such fact, such instructions stated erroneous propositions of law and, likewise, erroneously delineated the issue of negligence as to the defendant, which, as a matter of law, related to negligence in failing to properly store and keep the goods of plaintiffs, rather than negligence in causing the fire.

Another instruction which was tendered sought to tell the jury that the failure to equip the building with water sprinklers or glass bulb apparatus, would not be any showing of negligence on part of the defendant. Such instruction seeks to invade the province of the jury. It was a question for the jury to decide whether the failure to equip the building with such apparatus would constitute negligence on part of the defendant (*Minnis v. Friend,* 360 Ill. 328, 338).

We must, therefore, conclude that the order of the circuit court of St. Clair county granting the new trial was erroneous. This cause will, therefore, be reversed and remanded to the circuit court of St. Clair county, with directions that such order granting a new trial be vacated and set aside, and the motion for new trial denied, and judgment be entered therein on the jury's verdicts.

*Reversed and remanded, with directions.*