SADYE BERKOWITZ, PLAINTIFF-RESPONDENT, v. JOSEPH P. PIERCE, TRADING AS PIERCE FURNITURE STOR-AGE, DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided January 5, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-respondent, *J. Charles Popkin* (*Frank I. Casey,* of counsel).

For the defendant-appellant, *Amerigo D'Agostino.*

The opinion of the court was delivered by

PORTER, J.  This appeal is from a judgment for $450 entered in the Mercer County Court of Common Pleas by the trial court sitting without a jury in an action to recover the value of household goods of the plaintiff-respondent which were destroyed by fire while on storage with the defendant-appellant at his warehouse.

It appears that a son of the plaintiff, a member of her household, had knowledge of what articles were stored and

what they had cost when purchased. He was allowed over objection to state his opinion of the value of the goods. His mother, the respondent, was in court but was not called as a witness in her own case obviously because of her illness. She was called by the defense and asked but a few questions. It seems apparent that she was unable to furnish any information concerning what the articles cost, what they consisted of, when stored or other details. She testified that she could not remember those matters because she had been very sick.

The appellant moved for a nonsuit on the theory that as the plaintiff had not herself testified no right of action had been made out. We think there was no error in refusing to nonsuit on that ground. It was not disputed that the goods had been delivered to the defendant, the bailee, and had not been returned because destroyed by fire in the warehouse. It was not necessary that plaintiff herself testify and indeed it seems to be almost forgotten that at common law interested parties, and persons interested in the result though not of record as parties, were disqualified as witnesses. 3 *Blk.* *369, *370; *Wigmore on Evidence, ch.* 23; *Little* v. *Arrowsmith,* 16 *N. J. L.* 221; *Bogart* v. *Chrystie,* 24 *Id.* 57. The rule was relaxed in this state as to interested non-parties by the act of 1855, *Pamph. L., p.* 668; *Nix. Dig.* 1868, *p.* 1043; *Bergen County Mutual Assurance Association* v. *Cole,* 26 *N. J. L.* 362; and abrogated as to interested parties in 1859, *Pamph. L., p.* 489; *Nix. Dig.* 1868, *p.* 1044. See *R. S.* 2:97-1; *R. S.* 2:97-12; *R. S.* 2:97-13. Under the proofs negligence by the bailee will be presumed to have been the cause of the damage and the burden of showing the contrary or that he exercised a degree of care sufficient to rebut the presumption was upon the defendant. Proof of loss or damage to goods while in possession of a bailee establishes a *prima facie* case. *New Jersey Manufacturer's Association Fire Insurance Co.* v. *Galowitz,* 106 *N. J. L.* 493; 150 *Atl. Rep.* 408.

The appellant argues that under the proofs it was error for the court to have found for the plaintiff at the close of the entire case because there was no evidence of the defendant's negligence which occasioned the loss. There was testi-

mony with respect to the place where the goods were stored and especially with reference to the nature and frequency of inspection of the premises by the defendant. A warehouseman is liable for loss or injury to goods in his possession caused by his failure "to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise," *N. J. S. A.* 57:1-24. Whether or not the defendant had failed to exercise reasonable care as he was required to do by this statute was clearly a factual question for the trial court.

The last point to be considered is whether the evidence of value by the plaintiff's son was error. He testified that he knew the cost of some of the goods because he either purchased them for his mother or was with her when she purchased them. It was obvious, however, that his testimony was hearsay in part because he was not present at every purchase. However that may be, his testimony of the present value of the goods was clearly not admissible because it was opinion testimony and only competent if given by an expert which he admittedly was not. We conclude that the admission of this testimony was error. Nor, was this error cured by the introduction of expert testimony as to values on behalf of the defendant because we cannot tell to what extent the trial court relied on the erroneous testimony. That he did rely on it to some extent seems apparent because the amount of the verdict is materially in excess of the total values given by the defendant's expert.

The judgment will be reversed, costs to abide the event.