## DAVIS v. HASDORFF.
### No. 11789.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 10, 1947.

Rehearing Denied Jan. 14, 1948.

Truehcart, McMillan & Russell and Wier & Wier, all of San Antonio, for appellant.

James V. Graves, of San Antonio, for appellee.

NORVELL, Justice.

Harry M. Davis has appealed from a judgment that he take nothing against F. L. Hasdorff, doing business as Jefferson Parking Lot. Trial was to the court without a jury. No findings of fact and conclusions of law were requested or filed.

On March 17, 1946, appellant was in Japan. His wife was employed by the St. Anthony Hotel in San Antonio, Texas. Upon the occasion in question Mrs. Davis reported for work in the afternoon and went off duty about 1 o'clock the next morning.

Hasdorff, the appellee, operated two parking lots located near the St. Anthony Hotel. These lots were adjoining, and are designated as the north lot, which closed at 6 p. m., and the south lot, which closed at 11 p. m. Mrs. Davis left a 1941 Buick automobile with an attendant at the north parking lot on the afternoon of March 17, 1946. She seems to have been thoroughly familiar with the closing times set for each lot. She requested the attendant to move her car from the north lot to the south lot before 6 p. m., and, as she would not return for her car prior to 11 p. m., the closing time for the south lot, she also requested the attendant to leave the doors of the car locked. It was not necessary that a key be in the ignition switch in order to start the motor of the car. The car doors could be locked without the use of a key. Mrs. Davis took the keys to the car with her.

About 1 o'clock the next morning, Mrs. Davis returned to the lot for her car but could not find it. Later that morning, the police found the automobile in another part of the city in a wrecked condition. The car has been damaged in the sum of $229.65. There were no marks on or about

the windows of the car indicating that the windows had been "jimmied." One witness testified that it was possible with proper tools and sufficient time (about 30 minutes) to roll down a window without leaving marks on the door. With a window down, the car doors could be unlocked by using the inside door handles.

Appellee, Hasdorff, testified that it was his practice to make a list of all cars (by license number) that were left on the lot at closing time, 11 p. m. That he kept these lists for 30 days and they were then destroyed. The list for March 17, 1946, had been destroyed, as he had not been notified of Mrs. Davis' claim that the car had been stolen or taken from his parking lot, until some four or five months after March 17th. He further stated that the attendant described by Mrs. Davis was named Howard Armstrong. About the middle of the summer Armstrong left Hasdorff's employment, joined the army, and was in Japan at the time of the trial.

According to Hasdorff, he instructed his employees not to accept a car for parking with the doors locked, except when a space was then available where the car could be placed and from which it would be unnecessary to move the car. These spaces were limited in the parking lots.

According to Mrs. Davis, she had previously made arrangements with the attendant on the lot to have her car moved from one lot to the other and locked before the attendant left, around 11 o'clock p. m.

Appellant presents two points, viz.,

"First Point. Upon proving delivery of appellant's undamaged automobile to appellee, a bailee for hire, and recovery of the car in a damaged condition, appellant in this was entitled to judgment because of the absence of any evidence showing that the damages were sustained without fault on the part of the appellee.

"Second Point. The bailment for hire and damage to the bailed car having been proved, the burden of proceeding with the evidence and exonerating himself shifted to appellee (bailee), and as he did not discharge this burden, the court erred in rendering judgment for him."

The most recent Texas case having reference to a fact situation similar to the one disclosed by the record here is that of Ablon v. Hawker, 200 S.W.2d 265, 267, by the Dallas Court of Civil Appeals, writ ref. N. R. E., in which many of the cases cited by the parties to this appeal are discussed. The decision was by a divided court; Chief Justice Bond dissenting. Upon the original submission of the case, Judge Bond said:

"We think it is settled in this State that in suits on contracts of bailment for hire, where the property is lost or damaged by fire or theft, no presumption of negligence is imputed to the bailee, and that the burden of proof to show bailee's negligence resulting in such loss or damage, rests on the bailor. * * *

"Negligence in fire, theft, storm or accident cases, is never presumed, and the mere happening of damage by such means is no evidence of negligence."

Mr. Justice Looney, in his opinion which upon rehearing became the opinion of the majority, seems to agree substantially with the statements above set out. Judge Looney said: "The facts in this case, in my opinion, bring it under the doctrine announced in Exporters' & Traders' Compress Warehouse Co. v. Schulze, By the Commission, approved by the Supreme Court, [Tex.Com. App.], 265 S.W. 133. I realize that under the facts and circumstances, the burden rested upon appellee to show that theft of the car in question was the result of appellant's failure to exercise reasonable and ordinary care for its protection against theft and resulting damage; and I submit, without discussing the facts, that this burden was fully discharged by the facts just detailed."

In this case, the judgment was against the bailor, whereas, in Ablon v. Hawker the judgment was favorable to the bailor. There being no express finding of fact, we must presume that the trial court made all findings in favor of the judgment which have support in the evidence. It is further the rule that where different fact inferences can be drawn from the evidence, a fact issue for a jury or a trial court sitting without a jury is presented. Commer-

**426**

cial *Standard Ins. Co. v. Davis,* 134 Tex. 487, 137 S.W.2d 1.

In order to sustain appellant's points it would be necessary to hold, as a matter of law, that appellee was liable for the damage to appellant's car. This we cannot do for it is necessary that we view the facts and inferences to be drawn therefrom in the light most favorable to appellee. For instance, we must presume that the trial court refused to accept the suggested inference that there was a causal connection between some act or omission of appellee and the theft and wrecking of appellant's car. Upon the record, we would not be authorized in holding that this causal relationship is conclusively shown as a matter of law.

Appellant's points are overruled. The judgment appealed from is affirmed.