21 N.J. Super. 409 (1952)
91 A.2d 348
MRS. MORRIS FRANKLIN, PLAINTIFF-RESPONDENT,
v.
AIRPORT GRILLS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided September 24, 1952.
*410 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. F. Morse Archer argued the cause for defendant-appellant (Messrs. Boyle, Archer & Greiner, attorneys).
Mr. Warren C. Douglas argued the cause for plaintiff-respondent (Mr. Alex P. Schuenemann, attorney).
*411 The opinion of the court was delivered by SMALLEY, J.S.C.
This is an appeal by the defendant from a judgment for the plaintiff entered in the Camden County District Court.
On April 11, 1951 at approximately 6:30 P.M. the plaintiff and her husband visited a restaurant owned and operated by the defendant corporation. Upon entering, the plaintiff checked a sheared beaver coat in the check room which was provided for that purpose. Plaintiff and her husband stayed for dinner and a floor show. Thereafter a fire was discovered which originated in the wall between the dining room and the kitchen and which eventually destroyed the building and the plaintiff never recovered her coat. She sued defendant for the value of the coat and was granted judgment by the Camden County District Court sitting without a jury.
The legal principles which are controlling in the instant case can be stated briefly. When goods are delivered to a bailee in good condition and are returned in a damaged state the law presumes negligence and casts upon the bailee the burden of going forward with the evidence to show that the loss did not occur through his negligence, or if he cannot affirmatively do this, that he exercised a degree of care sufficient to rebut the presumption of it. Proof of loss or injury while in the custody of the bailee establishes a prima facie case against the bailee to put him upon his defense. New Jersey Manufacturers Association Fire Insurance Company v. Galowitz, 106 N.J.L. 493 (E. & A. 1929). This is so even though the burden of proof of the cause of action rests with the plaintiff and never shifts from him. Bachman Chocolate Manufacturing Co. v. Lehigh Warehouse and Transportation Co., Inc., 1 N.J. 239 (1949).
Consequently it was only necessary for the plaintiff to prove the bailment and the loss of the coat in order to establish her prima facie case. This she did. The question which then arose was whether or not the defendant sufficiently proved that the loss of the coat did not occur through its *412 negligence or that it exercised a degree of care sufficient to rebut the presumption of negligence.
We cannot agree with the conclusion of the district court that the defendant did not offer the quantum of proof sufficient to rebut the presumption. The evidence clearly displayed that the conduct of the defendant was that it had exercised reasonable care under the circumstances and that the loss had occurred despite such care.
The defendant produced as a witness a fire chief who testified that about one month before the fire he had inspected defendant's place of business and found that the premises complied with all fire laws applicable to that type of structure. The inspection report noted that there were a sufficient number of fire extinguishers on the premises and that they were adequately and properly located in the building of the defendant.
Testimony was offered to prove that the defendant, through its employees, wasted no time in summoning the fire department. The plaintiff herself testified that the fire started at approximately 8:30 P.M. and the firemen were on the scene at 8:40 P.M. Before the firemen arrived, defendant's employees utilized all available extinguishers and other means of fire fighting equipment. One of the employees remained on the roof with a garden hose even after the arrival of the fire companies. The firemen kept the fire under control for about one and one-half hours when there occurred a sudden shift in the wind which fanned the flames and caused the destruction of the building.
When the fire was discovered, the hat check girl remained at her station and distributed 17 coats to patrons who presented their claim checks. She left the building only when the smoke and flames forced her to withdraw. There is no testimony that the plaintiff ever presented her coat check during the fire and in fact did not leave by the exit where the check room was located.
In light of the proofs offered by the defendant, we can come to no other conclusions than the defendant overcame *413 the presumption of negligence. The plaintiff seems to rely heavily on Hoppers, Inc. v. Red Bank Airport, 15 N.J. Super. 349 (App. Div. 1951). In that case the District Court granted defendant's motion for judgment at the close of the case on the ground that the presumption of negligence had been overcome by defendant's evidence and that the loss of the bailed aeroplane was occasioned by a fire which had occurred through no negligence on its part. This court reversed and held that there was sufficient evidence presented which would warrant a submission of the issue of the defendant's negligence to the jury. The court was disturbed by the lack of explanation as to the manner in which the fire was originally discovered, the nature of its spread, the steps taken to combat or contain it and the results of any investigation as to its cause.
These matters have been adequately explained in the case sub judice. The testimony shows the manner of discovery, the nature of the fire and specifically details the steps taken to combat and contain the spread of the fire.
We think the plaintiff relies mainly on the fact that the defendant did not explain satisfactorily the cause of the fire and not on what the defendant did or failed to do after the fire was discovered and that fire itself bespeaks negligence. Such a contention is not the law as we understand it. The mere fact that a fire occurs on defendant's premises is not in itself evidence of negligence. Menth v. Breeze Corp., 4 N.J. 428 (1950).
No evidence was adduced that the premises were improperly constructed or that there was a storage of any inflammable articles. To the contrary, all of the evidence points to the conclusion that the defendant maintained his premises in compliance with all existing fire laws. The wall between the kitchen and dining room where the fire was first discovered was sheathed in steel on the kitchen side and covered with mirror glass on the dining room side. The premises had been inspected on March 16, 1951 less than a month prior to the fire and found to be satisfactory. The fire *414 marshal's inspection report details the adequate number of fire extinguishers and fire equipment and further reveals that the premises had been recently rewired. All that was shown here by the plaintiff was a fire, the cause of which remained unknown.
This case is directly in point with Moore's Trucking Co. v. Gulf Tire and Supply Co., 18 N.J. Super. 467 (App. Div. 1952). There a fire occurred in a warehouse in which was located the bailed trailer. This court held that defendant proved itself absolved of any negligence by its showing that the warehouse was of good fireproof construction and that all fire precautions were taken. No reason was given for the cause of the fire but this court held that a fire, though originating on defendant's premises, is not in itself evidence of negligence, Menth v. Breeze Corp., supra, and since plaintiff had not proven negligence, judgment for the defendant was affirmed.
We are not unmindful that the court below, sitting both as judge and jury, had an opportunity of hearing and seeing the witnesses and evaluating their testimony. Here, however, the evidence adduced at the trial below could only be characterized as being without contradiction. The plaintiff did not submit any proof in contradiction to the testimony of the defendant and its witnesses. She merely showed the delivery of her coat to the defendant, the occurrence of the fire and the fact that her garment was never returned. The defendant on the other hand thoroughly and convincingly rebutted the presumption of negligence, showed that it exercised reasonable care as required under the circumstances and that the loss occurred notwithstanding such care.
Accordingly, the judgment of the court below is reversed.