THRASHER v. GREENLEASE-LEDTERMAN, Inc.

No. 34984. May 12, 1953.

*257 P. 2d 795.*

508

S. J. Clendinning, Tulsa, for plaintiff in error.

Rittenhouse, Hanson, Evans & Turner, Oklahoma City, for defendant in error.

O'NEAL, J. The parties here assume the same position as in the trial court and will be referred to as plaintiff and defendant.

The question here is whether the trial court correctly instructed the jury to return a verdict in favor of the defendant. Plaintiff filed a petition in which he alleged that on the 14th day of May, 1946, he delivered to defendant a Cadillac automobile for repairs and safekeeping; that on the 16th day of May, 1946, said automobile was stolen from defendant's garage, and that the theft and the damage to plaintiff resulted from defendant's negligence to exercise ordinary care while the automobile was in defendant's possession. It was further alleged that some years prior to May, 1946, a former employee of the defendant company had broken into defendant's garage and stolen one of the automobiles; that this employee was charged with theft, was convicted, and served a term in the State Penitentiary; that this employee had recently returned to Tulsa; that the defendant was negligent in placing plaintiff's car near an exit door of its garage, and negligent in not removing the car keys therefrom, thereby facilitating the thief in stealing plaintiff's car.

Thereafter, plaintiff filed an amended petition upon which issue was joined and the trial had. The amended petition alleged that the defendant was engaged in the business of operating an automobile repair shop where automobiles were stored for safe-keeping during repairs thereon as a bailee for hire; that on the 14th day of May, 1946, plaintiff delivered to defendant a Cadillac automobile for safe-keeping until defendant could repair the same; that defendant accepted such bailment and plaintiff paid the customary charges therefor; that on the 16th day of May, 1946, plaintiff demanded the return of his automobile, but defendant failed and refused to return the same to plaintiff. That thereafter, and on June 3, 1946, defendant returned plaintiff's automobile in a badly damaged condition, necessitating the expenditure of $774.31 to repair it; that the loss of the use of said car, together with the depreciated value thereof, damaged plaintiff in the total sum of $1,454.31.

Defendant's answer contained a general denial and an affirmative defense that its garage was broken into on the night of May 16th, and that plaintiff's automobile was stolen; that defendant was without fault, having exercised ordinary and reasonable care in the premises.

Defendant interposed a demurrer to plaintiff's evidence, which demurrer was overruled. At the close of the case defendant moved for a directed verdict, which motion was sustained, and thereupon judgment was entered by the trial court in favor of the defendant for its costs, and from the order denying plaintiff's motion for a new trial, he appeals.

Plaintiff urges reversal of the case upon the ground that the trial court erred in refusing to submit the case to the jury. Plaintiff's testimony is to the following effect: On May 14, 1946, he owned a Cadillac automobile which he delivered to defendant's garage in Tulsa, Oklahoma, for the installation of minor parts and repairs consisting of

straightening both front fenders, repair to right front fender skirt, spot paint front fenders and touch up chipped places on doors. The car was to be delivered to plaintiff on the following evening at approximately 5 o'clock. On May 16, 1946, plaintiff went to the defendant's place of business to inquire about his car and was advised by defendant's service manager that the car was not there, "that somebody got it." Thereafter, plaintiff paid the service charges to defendant in the amount of $15.72. Some days later plaintiff was advised by the Tulsa Police Department that his car was found in the State of Ohio. The car had been in a wreck and was badly damaged. Plaintiff testified as to the costs and expenses incurred in returning the car to Tulsa, and the costs of repairs and its depreciated value after the repairs were made.

Defendant's demurrer to the foregoing evidence of the plaintiff was overruled, and thereupon defendant submitted proof tending to establish the following facts: Plaintiff delivered his automobile to defendant's garage at 11:00 on May 14, 1946, and requested that certain repairs be made as ordered by the plaintiff. Defendant's service manager testified that the repairs were completed on May 15, 1946, with the exception of the paint job. The car had been removed from an upper floor to the ground floor where the painting work was customarily done. At the rear end of the garage building there was an overhead electrically controlled door which was only used as an exit for cars. At the closing hour on May 15th, the service manager barred and locked this door from the inside. When this door was locked it could not be opened from the outside. This was the condition of the garage when the service manager left for his home on the evening of May 15th. On the following morning he found that the electrically controlled door was unlocked and plaintiff's car had been stolen. The proof is without contradiction that on the night of the 15th, a rear window of the garage had been broken out, and someone had entered the garage and stolen plaintiff's automobile. It was subsequently ascertained that defendant's former employee, who had previously served two terms in the penitentiary for theft, had broken into the garrage, stolen plaintiff's car, and had transported it to Ohio.

To sustain plaintiff's proposition that the court erred in refusing to submit the case to the jury, he relies upon the rule announced in Smith v. Maher, 84 Okla. 49, 202 P. 321. This case announces the rule that where the owner of cattle left them in the possession of another to pasture and the bailee failed to return a number of the cattle to the owner upon demand, in such a situation it is incumbent upon the bailee to satisfy the jury by the evidence that the loss of the cattle was consistent with the absence of fault on his part.

The crux of the decision is that where property is left with another under a specific contract for safe-keeping, the owner or bailor makes out a case of prima facie evidence upon which he is entitled to recover, unless the bailee overcomes the prima facie case by evidence that the loss was consistent with the absence of fault on his part. In this case there was neither allegation nor proof that the cattle had been lost beyond the bailee's control. The bailee presented no proof to justify his failure to return several head of the cattle to plaintiff. His defense was limited to his assertion that he exercised ordinary care in looking after the cattle during the period of bailment. This case is distinguishable under its facts from the case here presented for it is disclosed by plaintiff's own testimony that the Cadillac car was not delivered to defendant under a specific agreement for "safe-keeping" but, on the contrary, was delivered for the express purpose of making repairs thereon. Therefore, after defendant made proof of the circumstances of the theft of the car, it

was incumbent upon the plaintiff to show, if he could, that the theft was occasioned by some act of negligence or want of due care of the defendant, which was the proximate cause of the theft.

A statement of plaintiff's case, as cast in his original petition, discloses that he based his cause of action on tort, that is, the negligence of the defendant to exercise reasonable and ordinary care in the premises. In the amended petition he abandoned his former cause of action and thereafter based his cause of action on the "safe-keeping" or contract theory. The payment made by plaintiff to the defendant in the sum of approximately $15 was not a payment for safe-keeping nor as a storage payment, but was, under the undisputed evidence, a payment for repairs on the automobile.

We think that, under the law, as applied to the relationship of bailor and bailee, where the bailor contends, as did plaintiff in his original petition, that the damage resulted from the negligence of the bailee, plaintiff could not make out a prima facie case by proof that he delivered his car to defendant for repairs and that it was not returned upon his demand. In other words, if plaintiff alleges negligence he does not have a "presumption" in his favor, but he must prove the case upon the tort alleged. Proceeding then to the case as here presented upon the amended petition, plaintiff pleaded a specific contract of bailment for safe-keeping, but, as we have seen, his testimony did not sustain that allegation. We, therefore, cannot agree with plaintiff's contention that by means of a "presumption" he has established a prima facie case of negligence.

These distinctions are pointed out in Traders Compress Co. v. Precure, 107 Okla. 191, 231 P. 516, wherein we said:

"Where the owner of stored goods elects to found his cause of action upon the negligence of the warehouseman, instead of upon the contract of bail-ment, he must recover, if at all, upon proof of the negligence alleged."

This case was reversed for a new trial and upon its return to this court in Traders Compress Co. v. Precure, 140 Okla. 40, 282 P. 165, referring to the rule announced in the former opinion, we said:

"We interpret the above language to mean just what it says, that is, if the bailor sues the warehouseman in tort and alleges the warehouseman was negligent or at fault in the loss and destruction of the goods, the bailor must sustain his case throughout by the burden of proof.

"On the other hand, if the bailor sues on contract, alleging the delivery of the goods to the warehouseman, thereafter makes a lawful demand for the return of the goods, and the warehouseman refuses or fails to return the said goods, the warehouseman must then, in order to legally excuse himself, show that the said goods were lost or destroyed without his fault or negligence."

In Metropolitan Electric Service Co. v. Walker, 102 Okla. 102, 226 P. 1042, we held that where a bailor sued a bailee to recover the value of property left with the bailee for safe-keeping, proof of demand and refusal or failure to return, are ordinarily sufficient to make a prima facie case. However, where the bailor went one step further and also pleaded that the bailee's property was lost or stolen by the negligence of the bailee, then the bailor must prove negligence as alleged.

After defendant's demurrer to plaintiff's evidence was overruled, defendant, of necessity, assumed the burden of establishing the affirmative matter pleaded in its answer; that proof established that the theft of the car was not occasioned by the negligence of the defendant. To destroy the effect of defendant's affirmative defense, plaintiff, by cross-examination of defendant's witnesses, attempted to refute defendant's contention that it was free from negligence. Failing to establish this bur-

den of proof, the defendant was entitled to the instructed verdict.

Affirmed.

CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. HALLEY, C.J., and WELCH, J., dissent.