Vera LUKENBILL, Plaintiff in Error,

v.

LONGFELLOW CORPORATION, Defendant in Error.

No. 38100.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Floyd L. Walker, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendant in error.

PER CURIAM.

This action was brought to recover damages as the consequence of a fire which destroyed plaintiff's personal property. The parties to this appeal occupy the same relative positions as in the trial court, and we shall continue to refer to them by their trial court designation.

Plaintiff was a tenant in defendant's apartment building. On April 24, 1956, at approximately 12:57 a. m., a fire occurred in the apartment building which destroyed plaintiff's third floor apartment. The fire was discovered in the attic about an hour after plaintiff retired for the evening. The plaintiff's competent and relevant evidence reasonably tended to prove, either directly or by permissible inference, the following: The fire was discovered burning in the attic of the building, and "would have had to have started in the attic" according to the Assistant Fire Chief in charge at the scene; the attic was not easily accessible to the tenants of the building or to the public; the only use to which the attic was put was for the third floor water, steam, and electrical lines, and the building ventilating system; the electric sub-circuits to the apartments on each floor were controlled by fuse boxes on that floor; the circuits on the third floor were controlled by 20 ampere fuses installed by defendant's employees; the circuits on the third floor were composed of size 14 wire which can transmit safely a load of only 15 amperes; the overloading of size 14 wire by as little as 3 to 5 amperes could cause the installation to catch fire from the heat generated; the use of more than one electrical appliance on an outlet in plaintiff's apartment caused the wall receptacle to become hot to the touch; the cause of heat in a wall receptacle is an overloaded circuit; the defendant's employees were notified of this condition.

When plaintiff rested upon the foregoing evidence, defendant demurred and the demurrer was sustained by the court.

The legal problem presented by this evidence is that of causation, for it will be observed that the plaintiff established the negligent performance of a duty owed to her by defendant. The question is, did the improper fusing of the third floor electric circuits cause the fire; or rather, was there evidence upon which an affirmative answer to this question was legally proper? Certainly there was no direct evidence, and we are of the opinion that the element of proximate causation was not established by evidence from which the conclusion could be inferred.

 The evidence sufficiently established negligence by defendant in over-fusing the sub-circuits so that they could become hot. But to connect this negligence to the fire which occurred, two additional conclusions are necessary; one, that a sub-circuit was overloaded on the evening of the fire; two, that the fire originated from an electric sub-circuit. It is here that the proof fails. Although plaintiff testified that in the past the use of more than one appliance had caused the wall receptacle to become hot, and the expert witness attributed this condition to an overloaded circuit, there was no evidence to establish that such a condition existed at or near the time of the fire. Thus the necessary conclusion heretofore noted would be based on conjecture, not on facts established by the evidence, and a judgment reached in this manner is not permissible. Such a judgment would be the product of speculation on possibilities. The law requires that liability be established by something more tangible. Liability depends upon facts and the reasonable inferences arising immediately out of facts. See Highway Const. Co. v. Shue, 173 Okl. 456, 49 P.2d 203.

 This barrier has been the reef upon which many actions have foundered. And in this action it is not hurdled by suggesting that because the fire originated in the attic it could have occurred from an overloaded electric sub-circuit; the evidence must reasonably tend to prove that it did occur in that manner. This situation is not unlike Presto-O-Lite Co., Inc. v. Howery, 169 Okl. 408, 37 P.2d 303, in which it was urged that substances defendant introduced in a stream made the water poisonous, and that plaintiff's chickens died as a result of drinking the water. The evidence in that action failed to support either supposition and the judgment was reversed. In Midland Valley R. Co. v. Rupe, 87 Okl. 286, 210 P. 1038, 1039, a similar problem in causation was presented and a judgment in favor of plaintiff was reversed upon the following statement of principle:

"* * * the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation."

See also: Schaff v. Ferry, 105 Okl. 259, 232 P. 407; Lowden v. Friddle, 189 Okl. 415, 117 P.2d 533; Shell Oil Co. v. Haunchild, 203 Okl. 456, 223 P.2d 333; Ogden v. Baker, 205 Okl. 506, 239 P.2d 393; City of Henryetta v. Runyan, 207 Okl. 300, 249 P.2d 425; Patrick's, Inc. v. Mosseriana, Okl., 292 P.2d 1003. Had there been evidence in this action upon which either of the two missing factors might be established, the other conclusion then reasonably could be inferred, especially in the absence of other conditions by which the fire might have been caused.

 The same basic failure of proof also negatives the application of the doctrine of res ipsa loquitur. There is no evidence here to establish the "thing" causing the fire. Smith v. Vanier, Okl., 307 P.2d 539. Without regard to proof of a negligent fusing of these circuits, had plaintiff established that the fire originated from the electric circuits, the rule would apply. However, proof on this item is also one of the links absent from a chain of liability under the proof of negligence.

Judgment affirmed.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tenative opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.