429 P.2d 359

**Russell P. GRAY, Plaintiff-Appellee,**

**v.**

**E. J. LONGYEAR COMPANY, a corporation, Defendant-Appellant.**

**No. 8212.**

Supreme Court of New Mexico.

June 19, 1967.

Richard C. Civerolo, H. L. Cushing, C. LeRoy Hansen, Albuquerque, for appellant.

Eliu E. Romero, Taos, Frank Bachicha, Jr., Albuquerque, for appellee.

## OPINION

NOBLE, Justice.

Russell P. Gray, plaintiff below, loaned various tools to George Elliott to be used by Elliott in the business of his employer, E. J. Longyear Company, defendant below. No charge was made for use of the tools, nor did their use by defendant benefit plaintiff in any way. Elliott kept the

borrowed tools in a building owned by defendant and located only a few feet from a garage leased to plaintiff.

Defendant's building, plaintiff's garage, and their contents were destroyed by a fire that started in defendant's building. Plaintiff thereafter brought an action in two counts for the value of plaintiff's property loaned to defendant and for the destruction of the property in plaintiff's garage.

Plaintiff's testimony was the only evidence adduced at trial. It established that the only means of heating the Elliott building was an open metallic container into which diesel fuel was poured and ignited, and that gasoline, other flammable liquids and various combustible materials were also kept in defendant's building. Plaintiff, who was away from town at the time of the fire, observed these contents of defendant's building and the method by which it was heated three days before the fire and protested to Elliott regarding the fire hazard. On this evidence the trial court concluded that defendant was negligent, that his negligence was the proximate cause of the fire and of the ensuing loss, and awarded judgment on both counts. This appeal followed.

 Even viewing the evidence in its aspect most favorable to support the judgment, as we must, Giles v. Herzstein, 49 N.M. 41, 156 P.2d 160; Perschbacher v. Moseley, 75 N.M. 252, 403 P.2d 693, we can only conclude that the trial court's finding that plaintiff's property stored in the leased garage was destroyed by a fire caused by defendant's negligence lacks substantial support in the evidence. The fact that a hazardous condition may have existed three days before the fire will not support an inference that the condition not only continued, but, in fact, started the fire. Lukenbill v. Longfellow Corp., 329 P.2d 1036 (Okl.). An inference which will support a judgment cannot be mere supposition or conjecture but must be a logical deduction from facts proven. Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352. Plaintiff, however, seeks to supply the necessary proof by invoking the doctrine of res ipsa loquitur. That doctrine is applicable only when the evidence establishes that in the ordinary course of events the injury would not have occurred had the one having exclusive control of the instrumentality causing the injury exercised due care. See Tafoya v. Las Cruces Coca-Cola Bottling Co., 59 N.M. 43, 278 P.2d 575.

 We find nothing in the circumstances surrounding the destruction of the property located in plaintiff's garage which would permit application of the doctrine of res ipsa loquitur. Negligence may not be inferred from the mere happening of an injury. Accordingly, the mere occurrence of a fire raises no inference of negligence. See Annot. 8 A.L.R.3d 974, 992.

 Conversely, the mere occurrence of a fire is not sufficient to discharge the defendant's liability for failure to return the property loaned to defendant by plaintiff. Though there appears to be some confusion and variation in the decisions, the trend of modern authorities states the controlling legal principles to be that a bailor makes out a prima facie case of a bailee's negligence by a showing of delivery of the property to a bailee in good condition, and his failure to return, or a return in damaged condition. At that point, the law presumes negligence and casts upon the bailee the burden of going forward with explanatory evidence to show that the loss did not occur through his negligence, or if he cannot affirmatively do this, he must show exercise of a degree of care sufficient to rebut the presumption of negligence. See Annots. 65 A.L.R.2d 1228, § 3(a); 151 A.L.R. 716, 724; 71 A.L.R. 767, 771; 42 A.L.R. 135, 143; 65 A.L.R. 431, 438; 8 Am.Jur.2d, Bailments, §§ 320, 321; National Fire Ins. Co. v. Mogan, 186 Or. 285, 206 P.2d 963; Threlkeld v. Breaux Ballard, Inc., 296 Ky. 344, 177 S.W.2d 157, 151 A.L.R. 708; Berkowitz v. Pierce, 129 N.J.L. 299, 29 A.2d 552; Beck v. Wilkins-Ricks Co., 179 N.C. 231, 102 S.E. 313, 9 A.L.R. 554; Agriculture Ins. Co. v. Constantine, 144 Ohio St. 275, 58 N.E.2d 658; Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157;

Nutt v. Davison, 54 Colo. 586, 131 P. 390, 44 L.R.A.,N.S., 1170; Thompson v. Chance Marine Const. Co., 45 F.2d 584 (4th Cir. 1930); Murphy v. Co-operative Laundry Co., 230 Minn. 213, 41 N.W.2d 261; Brenton v. Sloan's United Storage & Van Co., 315 Ill.App. 278, 42 N.E.2d 945; Franklin v. Airport Grills, Inc., 21 N.J.Super. 409, 91 A.2d 348.

A case closely in point upon its facts is Frissell v. John W. Rogers, Inc., 141 Conn. 308, 106 A.2d 162, where proof that the cause of fire was unknown was held to fall short of overcoming the presumption. The court there said that the isolated fact of destruction by fire is insufficient to rebut the presumption of the bailee's negligence. The Connecticut court held that the bailee must prove the actual circumstances connected with the origin of the fire, including the precautions taken to prevent the loss.

■ In view of the complete absence of any evidence offered by defendant, we can come to no other conclusion than that the defendant has failed to overcome the presumption of negligence respecting the bailed articles.

■ Defendant argues that plaintiff assumed the risk of loss by failing to remove the loaned articles from Elliott's possession upon discovery of the condition of the garage three days prior to the fire. We cannot agree. The doctrine of assumed risk is based upon the maxim "volenti non fit injuria" which has been translated as "[t]hat to which a person assents is not esteemed in law an injury." Edwards v. Kirk, 227 Iowa 684, 288 N.W. 875. It is based upon voluntary exposure to danger and is applicable only where the injured person might reasonably elect whether he should expose himself to the peril. See, Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740; Reed v. Styron, 69 N.M. 262, 365 P.2d 912; and Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58. 38 Am.Jur., Negligence, § 174. Absent a master and servant or contractual relationship, it is confined to situations where the plaintiff not only knew and appreciated the danger but "[c]oupled with such knowledge and appreciation there must be an element of voluntarily placing oneself in the way of such danger and peril." Kleppe v. Prawl, 181 Kan. 590, 313 P.2d 227, 63 A.L.R.2d 175. The Kansas court there also described the doctrine as: "* * * the essence of it is venturousness; it implies intentional exposure to a known danger; it embraces a mental state of willingness * * *." Assumption of risk sufficient to preclude recovery involves an intentional willingness to assume the danger. We are unable to say as a matter of law that the evidence in this case discloses such a state of mind. See, Newark Ins. Co. v. Davis, 139 F.Supp. 396 (S.D.W.Va.1956); Wright v. Valan, 130 W.Va. 466, 43 S.E.2d 364.

■ Finally, the record in this case does not require a determination as a matter of law that plaintiff was contributorily negligent. The question of contributory negligence is ordinarily for the trier of fact. Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289.

It follows that the case must be remanded with direction that the judgment be vacated and a new judgment entered awarding plaintiff damages only for the value of the bailed articles not returned.

It is so ordered.

CHAVEZ, C. J., and MOISE and CARMODY, JJ., concur.

HENSLEY, Chief Judge, Court of Appeals (dissenting).

HENSLEY, Chief Judge, Court of Appeals (dissenting).

The issues presented in this type of controversy have caused much trouble in the courts and there is no unanimity of opinion. Generally, a bailor has the choice of bringing his action against the bailee in trover for conversion, in assumpsit on breach of contract, or in tort for negligence. When suing in tort for negligence after a delivery to the bailee and a subsequent fail-

 

ure to return is alleged and shown then a presumption of negligence arises and it devolves on the bailee to rebut the prima facia case and show that the failure to return was not the result of his negligence. This is the position taken by the majority in this case and the writer is in complete accord with that statement of the law. The difficulty lies in the fact that the rule is not applicable in this case. Here, the plaintiff affirmatively alleged the delivery of the chattels to the bailee, the failure of the bailee to return them, the destruction of the chattels by fire, and finally the negligence of the bailee in allowing the fire to start. There is one line of cases refusing to recognize any inference or presumption of negligence in a fire or theft case. There is much to be said in support of that view but a discussion is not indicated here. Another view is that if the bailor in addition to alleging the bailment and failure to return, also alleges destruction of the chattels as a result of the negligence of the bailee, that the duty of proving negligence remains with the bailor and the bailee may remain silent.

To supplement the citations supplied in the majority opinion so that other facets of the problem may be seen and evaluated the following may be helpful. 8 Am.Jur.2d, Bailments, § 315; 65 A.L.R.2d § 1288, page 1249, where the distinction due to pleadings is noted; 151 A.L.R. 721 pointing out the divergence of opinion and stating that the position adhered to by the majority opinion in this case represents the minority view; Fields v. Gordon, 30 Tenn.App. 110, 203 S.W.2d 934; Glover v. Spraker, 50 Idaho 16, 292 P. 613; 8 C.J.S. Bailments § 50, page 529; Davis v. Hasdorff, Tex.Civ. App., 207 S.W.2d 424; Thrasher v. Greenlease-Ledterman, Inc., 208 Okl. 507, 257 P.2d 795; Sumsion v. Streator-Smith, Inc., 103 Utah 44, 132 P.2d 680.

In this case the pleadings filed by the plaintiff have deprived him of the procedural advantage of a prima facie case. To affirm the judgment in his favor is to do so on evidence which in the words of the majority did not even support an inference. This could be avoided by yeilding to the weight of authority. Further, to require substantial evidence of negligence in a fire case, where negligence has been alleged, is to be consistent with common experience.

The majority being of a different opinion, I respectfully dissent from that part of the decision determining the liability of the bailee.